

Three Bryant Park,
1095 Avenue of the Americas,
New York, NY 10036
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**MAURICIO A. ESPAÑA**

Mauricio.espana@dechert.com
+1 212 698 3848  Direct
+1 212 698 0609  Fax

July 25, 2024

**BY ECF**

The Honorable Magistrate Judge Laurel Beeler
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom B – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*Re:  Boulos v. Arab Republic of Egypt, et al.* **(No. 3:22-cv-03569-LB)**

Dear Judge Beeler:

On behalf of Defendants in the above-referenced action, we write with regard to the Court's July 18, 2024 Order, in which Your Honor stated:

> The issue is the dismissal. On June 27, the plaintiff's former counsel represented that he had the authority to offer dismissal in return for a waiver of fees and costs. If that offer was accepted before it was withdrawn, perhaps there is a contract theory for enforcing it. (The court would have dismissed the case on the record had the offer been accepted.)

Defendants agree with the Court that an enforceable contract exists between the parties as a result of Plaintiff's offer, made on June 27, 2024 through his former counsel, to dismiss the Complaint with prejudice in return for a waiver of fees and costs and Defendants' acceptance of that offer on July 9, 2024.  *See* ECF No. 74.  Indeed, as one court has explained in a nearly identical set of circumstances involving an offer to stipulate to arbitration, an acceptance, and a purported withdrawal, "[a]s a general proposition the attorney-client relationship, insofar as it concerns the authority of the attorney to bind his client by agreement or stipulation, is governed by the principles of agency.  Hence, 'the client as principal is bound by the acts of the attorney-agent within the scope of his [or her] actual authority (express or implied) . . . .'" *CPI Builders, Inc. v. Impco Techs., Inc.*, 94 Cal. App. 4th 1167, 1174, 114 Cal. Rptr. 2d 851, 856 (2001) (citations omitted); *see also In re S & B Surgery Ctr.*, No. 20-56171, 2021 WL 4706214, at *2 (9th Cir. Oct. 8, 2021) (citing *CPI Builders* and explaining that "the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority (express or implied) or his apparent or ostensible authority; or by unauthorized acts ratified by the client." (citation omitted)).



July 25, 2024
Page 2

Accordingly, Plaintiff is bound by his former attorney's offer made on his behalf at the June 27 court conference and Defendants, in accepting that offer, "followed the accepted practice within the legal profession of relying upon the representation of [Mr. Boulos's] attorney regarding his authority to enter into the stipulation." *CPI Builders*, 94 Cal. App. at 1173. That neither Mr. Boulos nor his former counsel, Mr. Gerges, informed Defendants that Mr. Boulos had withdrawn his offer prior to Defendants' July 9 acceptance is dispositive. *Id.* (holding "[w]hen [Defendants'] attorney accepted the offer, he was unaware [Plaintiff] had withdrawn its consent. . . . Rather, when a principal communicates notice of revocation to his or her agent, but the agent fails to communicate the notice to the offeree, the principal is bound upon the offeree's acceptance, even though the agent disregarded the principal's express instructions." (citations omitted)); *see also In re SSRE Holdings, LLC*, No. 2:21-BK-10327-WB, 2021 WL 3829303, at *7 n.6 (B.A.P. 9th Cir. Aug. 26, 2021) (citing *CPI Builders* and explaining that "[a] party desiring to undo the consequences of a binding contract may not simply disavow that contract by declaring it 'revoked.'"). Defendants respectfully request that the Court enforce the parties' enforceable agreement and dismiss the case with prejudice.

Moreover, a dismissal with prejudice is further warranted under the circumstances for two additional, independent reasons. First, as Defendants asserted in support of their motion to dismiss, Plaintiff had detailed and ample notice of the Complaint's numerous deficiencies as early as January 2024, but repeatedly declined Defendants' multiple requests that he either withdraw or amend his Complaint. *See* ECF 60-1. Second, pursuant to the Court's June 21 Order, there are no circumstances pursuant to which Plaintiff could conceivably plead new allegations in good faith to cure the Court's findings that: (1) "the defendants are entitled to foreign sovereign immunity" (ECF No. 66 at 6-8); (2) the "taking here was in 2011" and the "claims (filed in this 2022 lawsuit) are barred by the [five-year] statute of limitations" (*id.* at 9); and (3) "prior litigation in Egypt seemingly bars the claim" because "plaintiff, his mother, and the 2001 seller were all parties to the joint venture" and the "mother was the principal and could act on behalf of the venture" (*id.*). These additional reasons further militate in favor of a dismissal with prejudice.

Respectfully submitted,

*/s/ Mauricio A. España*

Mauricio A. España

cc: Motaz M. Gerges via ECF
　　Saher Fakhry Iskandar Boulos via email