UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SAHER FAKHRY ISKANDAR BOULOS, | Case No. 22-cv-03569-LB |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 95 |
| ARAB REPUBLIC OF EGYPT, et al., | |
| Defendants. | |

**INTRODUCTION AND STATEMENT**

The plaintiff sued the Arab Republic of Egypt, its president, and its prime minister for allegedly expropriating land that his mother bought in 2001 and left to him as her sole heir when she died. He claimed violations of the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605 (claim one), and 42 U.S.C. § 1983 (claims two through six, all based on an allegedly illegal taking). The defendants moved to dismiss on the grounds that the complaint was not served properly, they are entitled to foreign sovereign immunity, the plaintiff does not state claims, the claims are time barred and barred by the doctrine of res judicata, and the complaint should be dismissed for forum non conveniens and improper venue. The court granted the motion on these grounds. At the time, the plaintiff was represented by counsel. The only possible ground to amend the complaint was the plaintiff's allegation that he was a Christian residing in a predominately Muslim country, thereby suggesting an impermissible motive. In the order, the court set a show-

cause hearing because the plaintiff's counsel did not appear at the hearing and warned of the sanctions, including the possibility of dismissal, for a failure to prosecute the case.[1] Another reason for the show-cause hearing was that — when the plaintiff's counsel did not appear at the hearing — the defendants contended that it was part of an abusive pattern to force litigation of the case and the defendants to incur unnecessary expense.[2]

At the subsequent show-cause hearing on June 27, 2024, the plaintiff's counsel said that he had settlement authority from the plaintiff and agreed to dismiss the case in return for a waiver of fees and costs.[3] The colloquy was as follows:

> THE COURT: So, if the Defendants are agreeable that we can dismiss the case with a waiver of costs and they will not be filing any motions for attorneys' fees or costs, then I -- I will agree to dismiss it now. I spoke to my client, and he's under medical. He has no assets. So, he cannot really afford to have a judgment for attorneys' fees that he knows he has to pay because he -- he (Zoom glitch).
>
> THE COURT: Okay. So -- so, do you have the client's authority to dismiss in return for a waiver of fees and costs?
>
> PL.'S COUNSEL: Yes, I do.
>
> THE COURT: Dismiss with prejudice in return for a waiver of fees and costs. Interestingly, because we're on the record and this is a judicially hosted Case Management Conference, if the Defendants can accept that and have the authority to dismiss the -- accept the stipulated dismissal with a waiver of fees and costs, my minute order can reflect that and the case is over today, now. I don't know whether you have that authority to accept it.
>
> DEFS.' COUNSEL: I don't, your Honor. I don't have that authority. I can get it quickly this afternoon.[4]

The defendants accepted the offer on July 9, 2024, and sent a stipulated notice of dismissal to the plaintiff's counsel for approval.[5] The dismissal was not filed. On July 17, 2024, the plaintiff's

---

[1] Order – ECF No. 66 at 5, 10, 12. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. The court incorporates its earlier order fully by this reference.

[2] *See* Reply – ECF No. 60 at 6; España Decl. – ECF No. 60-1 at 2 (¶¶ 2–5) (detailing plaintiff's counsel refusal to withdraw or amend his complaint despite the defendants' identifying deficiencies in it and suggesting dismissal or amendment to cure the deficiencies); 5/30/24 Tr. – ECF No. 63 at 4:19–25.

[3] *Id;* Min. Entry – ECF No. 68.

[4] Tr. – ECF No. 71 at 8:7–9:2.

[5] Letter – ECF No. 74.

counsel withdrew, citing a conflict with the plaintiff.[6] At a subsequent case-management conference on August 22, 2024, the plaintiff was in the Zoom audience but rejected repeatedly the court's invitation to be promoted into the virtual courtroom. The court reiterated that the deficiencies in the complaint could not be cured and the only open issue was the issue of settlement and the possibility of amendment to address any impermissible motive directed at the plaintiff because of his status as a Christian. The court directed an explanation by the plaintiff for his failure to join the Zoom and warned (as it had done in an earlier order) that his failure to prosecute his case would result in the dismissal of it.[7]

The plaintiff responded to the court's order to show cause with an explanation that he never declined the invitation.[8] The court gave him until September 25, 2024, to file any amended complaint.[9] He filed his amended complaint on September 30, 2024.[10] The defendants moved to enforce the settlement and alternatively to dismiss the case because the court's earlier order disposed of most of the claims on the merits and the plaintiff did not otherwise cure the deficiencies.[11] The plaintiff's opposition was due on October 28, 2024, and was filed late on November 6, 2024. The court can decide the motion without oral argument. Civil L. R. 7-1(b).[12] The court dismisses the complaint with prejudice for the reasons advanced by the defendants.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds

---

[6] Proposed Order – ECF No. 72; Orders – ECF No. 73 & 75.

[7] Min. Entry – ECF No. 82; Order – ECF No. 66 at 9–12 (setting out possible sanctions for a failure to prosecute a case, including the sanction of dismissal).

[8] Resp. – ECF No. 84.

[9] Min. Entry – ECF No. 85.

[10] Am. Compl. – ECF No. 90. The plaintiff is an efiler, and so the three-day mailing rule does not apply. Fed. R. Civ. P.6(d).

[11] Mot. – ECF No. 95.

[12] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c). Consents – ECF Nos. 44–45.

upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020) ("[O]nly the *claim* needs to be plausible, and not the facts themselves. . . ."); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff") (cleaned up).

Put another way, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

If a court dismisses a complaint because of insufficient factual allegations, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook,*

*Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not give leave to amend. *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

## ANALYSIS

The court dismissed the claims in the initial complaint without leave to amend.[13] The open issues are (1) are the service deficiencies corrected, (2) is there any plausible discrimination claim based on the plaintiff's status as a Christian, and (3) is the agreement to settle enforceable.

First, service was not effected, and the plaintiff provided no evidence altering this conclusion.[14]

Second, the court's earlier order directed the plaintiff to consider its rulings on the statute of limitations and res judicata in any amended complaint.[15] He did not. The longest applicable statute to the property claims was five years, and thus the taking in 2011 was time barred.[16] The new complaint adds the Governante — a party in the underlying litigation that resulted in the 2011 Egyptian judgment — further supporting the earlier conclusion that res judicata applies.[17] *In re Schimmels*, 127 F.3d 875, 881–82 (9th Cir. 1997) (res judicata bars litigation between the parties and their nonparty privies). The new complaint pleads the claims that the court dismissed previously with prejudice.[18] The allegations about the plaintiff's Christianity remain only that he was a Christian in a Muslim country, not that the Tourism Village was taken because of the plaintiff's religion. His allegations are conclusions: there are no fact allegations supporting the conclusion of discrimination for claims that in any event are barred by the statute of limitations.[19]

---

[13] Order – ECF No. 66; Min. Entry – ECF No. 82 (deficiencies cannot be cured); Clerk's Notice – ECF No. 85 (same).

[14] Order – ECF No. 66 at 6–9; Mot. – ECF No. 95 at 15 (making this point).

[15] Clerk's Notice – ECF No. 85

[16] Order – ECF No. 66 at 9.

[17] *Id.*

[18] Am. Compl. – ECF No. 90.

[19] *Id.* at 7 (¶ 32) (takings was because the site has historical and religious significance; the defendants "flexed their illegal government muscle and stripped Plaintiff of his inherited properties in violation of International Laws"), 8 (¶ 35) ("standard rule does not apply when the taking constitutes an act of

Third, the court's ruling on the forum is the same: if there were any viable claims, the court would transfer the case to the U.S. District Court for the District of Columbia.[20]

Fourth, the parties reached a binding, enforceable settlement agreement.

To be enforced, a settlement agreement must meet two requirements. First, it must be a "complete . . . agreement." *Maynard v. City of San Jose,* 37 F.3d 1396, 1401 (9th Cir. 1994); *see Callie v. Near,* 829 F.2d 888, 890 (9th Cir. 1987). Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

"A settlement agreement is treated as any other contract for purposes of interpretation." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (citing *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 704 (9th Cir. 1989). Accordingly, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Id*. (cleaned up). "This is true even though the underlying cause of action is federal." *Id*. "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective' — that is, the intent manifested in the agreement and by surrounding conduct — rather than the subjective beliefs of the parties. For this reason, the true intent of a party is irrelevant if it is unexpressed." *Id*.

---

religious discrimination"), 9 (¶ 38) ("to rob Plaintiff of his lawful inheritance after the death of his mother, who also held dual citizenship, based on Plaintiff's religious belief as a Christian in a predominately Muslim Country, results in [a] human rights violation, which also contravenes the International Law"), 27 (¶ 104) (the plaintiff is one of ten million Coptic Christians in Egypt, a predominately Muslim society governed by Shariah law; Christians face restrictions in inter-religious marriages and building churches and are banned from proselytizing to Muslims; "The issue of inheritance goes beyond religious rules . . . and has to do with the nature of the society Coptics are living in and Egypt's misogynistic judicial system."), 44 (¶ 177) (took property "without due process . . . in violation of the international laws, based on Plaintiff's religious belief as a Coptic Christian in [a] predominately Muslim country and without provide a notice to be heard by flexing their governmental muscles without just compensation to Plaintiff, which violated Title II of [the] Civil Rights Act of 1962"); 47 (¶ 195) (the illegal taking "violated the international laws based on his religion as Coptic Christian in predominately Muslim country in violation of his religious freedom"), 47–48 (¶ 198) (alleging a conspiracy to charge the plaintiff with a crime that he did not commit and take over his inheritances, which were "religious historic monuments . . . mostly visited by non-Muslims that Egypt does not enjoy, because religious discrimination is practiced by the Egyptian Muslims and its government officials . . . .").

[20] Order – ECF No. 66 at 9.

Here, there is a fully formed settlement agreement between the parties to dismiss the case with prejudice in return for a waiver of fees and costs. The plaintiff's counsel said he had the requisite authority to settle. The defendant accepted the offer. It is enforceable despite the plaintiff's refusal to sign the stipulated dismissal. Cal. Code Civ. P. § 664.6; *Blix St. Record, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010); *Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1430 (2012); *CPI Builders, Inc. v. Impco Techs., Inc.*, 94 Cal. App. 4th 1167, 1174 (2001) (enforcing agreement to arbitration involving an attorney's agreement (with authority) to stipulate to arbitration, an acceptance, and a purported withdrawal; "As a general proposition, the attorney-client relationship, insofar as it concerns the authority of an attorney to bind his client by agreement or stipulation, is governed by the principles of agency. Hence, the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority (express or implied) . . . .") (cleaned up); *accord In re S & B Surgery Ctr.*, No. 20-561171, 2021 WL 4706214, at *2 (9th Cir. Oct. 8, 2021) (citing *CPI* for the proposition that "the client as principal is bound by the acts of the attorney-agent within the scope of his actual authority (express or implied) or by unauthorized acts ratified by the client") (cleaned up).

## CONCLUSION

The court dismisses the complaint with prejudice, both on the merits for failure to state a claim and based on the settlement agreement for a dismissal of the case with prejudice with a waiver of fees and costs, meaning, each party bears its own fees and costs. The effect of this is that the defendants will not pursue their sanctions, which they could for the plaintiff's consistent failure to comply with the rules and the resulting expenditure by the defendants for attorney's fees that would not otherwise be incurred.[21]

**IT IS SO ORDERED.**

Dated: January 20, 2025

LAUREL BEELER
United States Magistrate Judge

---

[21] *Id.* at 9–12 (discussing possible sanctions).